SHAW & CO. *v.* UNITED STATES (No. 2731)[1]

LIQUOR STOLEN FROM WAREHOUSE—INTERNAL REVENUE—DUTY—JURISDICTION.

Paragraph 563, Tariff Act of 1922, provides exclusively for allowance in *duty* for loss or damage sustained by merchandise in customs custody in a bonded warehouse. Section 5 of the Willis-Campbell Act, approved November 23, 1921, provides for allowance in *internal revenue* for loss from bonded warehouse of domestic distilled spirits only. Gin and whisky were imported and warehoused in 1921 and reliquidation made under paragraphs 802 and 809. Under *Shaw & Co. v. United States*, 11 Ct. Cust. Appls. 226, this tax was duty, not internal revenue. Consequently there could be no claim under the Willis-Campbell Act for allowance in the tax upon such of the spirits as were stolen; and such loss is not covered by paragraph 563, *supra*. Even if the Willis-Campbell Act *did* apply, no relief could be granted, since neither the Board of United States General Appraisers nor this court has any jurisdiction over internal revenue.

United States Court of Customs Appeals, May 22, 1926

APPEAL from Board of United States General Appraisers Abstract 50962

[Affirmed.]

*W. P. Preble* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

[Oral argument May 12, 1926, by Mr. Preble and Mr. Lawrence]

Before SMITH, BARBER, BLAND, and HATFIELD, Associate Judges; GRAHAM, Presiding Judge, participating by agreement of counsel

SMITH, Judge, delivered the opinion of the court:

The appellant on the 28th of February, 1921, under a permit duly issued, imported at the port of New York, 500 cases of Plymouth

---

[1] T. D. 41675.

gin and on the 27th of July, 1921, 4,800 cases of Whitehorse Scotch whisky. Both importations were entered for warehouse and deposited in a United States bonded warehouse in New York City.

On the night of October 2 or the morning of October 3, 1921, the bonded warehouse was broken into and 17 bottles of the gin and 11¹¹⁄₁₂ cases of the Scotch whisky were stolen. Both entries were liquidated prior to the passage of the Tariff Act of 1922 and reliquidated in 1924. Under the reliquidation the distilled spirits were assessed with duty as prescribed by paragraphs 802 and 809 of the Tariff Act of 1922. Paragraphs 802 and 809, in so far as pertinent, read as follows:

PAR. 802. Brandy and other spirits manufactured or distilled from grain * * * $5 per proof gallon; * * *

PAR. 809. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

By the reliquidation duty was assessed not only on the goods actually in warehouse and withdrawn for exportation, but also on the gin and Scotch whisky which had been stolen.

The importer protested that the stolen goods should not have been subjected to duty and based his protests on the sole ground that section 5 of the act, supplementing the national prohibition act, approved November 23, 1921, and known as the Willis-Campbell Act, relieved from tax warehoused distilled spirits upon which no internal-revenue tax had been paid and which were lost by theft. Section 5, upon which the importer relies, reads as follows:

SEC. 5. * * * If distilled spirits upon which the internal-revenue taxes has not been paid are * * * lost by theft from a distillery or other bonded warehouse and it shall be made to appear to the commissioner that such losses did not occur as the result of negligence, connivance, collusion, or fraud on the part of the owner or person legally accountable for such distilled spirits, no tax shall be assessed or collected upon the distilled spirits so lost. * * * But the exemption from the tax * * * shall only be allowed to the extent that the claimant is not indemnified against or recompensed for such loss. This provision shall apply to any claim for taxes * * * that may have accrued since the national prohibition act or that may accrue hereafter.

The Board of General Appraisers overruled the protest and the importer appealed.

In support of the appeal, counsel for the appellant contends, first, that the collector of customs of the port of New York was a mere agent of the Commissioner of Internal Revenue and that the money collected by him as such representative of the Commissioner of Internal Revenue was in fact an internal-revenue tax and not a customs duty; second, that section 5 of the Willis-Campbell Act relieved from excise taxes and customs duties liquors stolen from a bonded warehouse after importation.

We can not agree with either contention. Taxes levied on domestic spirits, whether in bond or not, are beyond question, excise or internal-revenue taxes, and taxes levied on distilled spirits imported into the country and still in customs custody are just as certainly imposts on imports and therefore customs duties. *Shaw & Co. v. United States*, 11 Ct. Cust. Appls. 226, at pages 228 and 229. Moreover, the tax levied by the collector of customs on the stolen spirits was assessed by him under paragraphs 802 and 809 of the Tariff Act of 1922, the dutiable list of which act is limited in its scope by section 1 of said act to the levy and collection of the *rates of duty* prescribed by the schedules and paragraphs of such dutiable list. Section 1 of the dutiable list, in so far as pertinent, reads as follows:

SEC. 1. That on and after the day following the passage of this act * * * there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States * * * the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list of this title, namely:

Even if the tax levied by the collector were, what it is not, an internal-revenue tax, no relief could be granted either by the Board of General Appraisers or this court inasmuch as neither tribunal has any jurisdiction whatever over internal-revenue taxes. See sections 12, 13, and 14 of the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of revenues," and section 28 of the act of 1909, amending the act of June 10, 1890, and entitled "An act to provide revenue, equalize duties, and encourage the industries of the United States and for other purposes."

The language of section 5 of the Willis-Campbell Act plainly indicates that it was the legislative intent to relieve from *internal-revenue* taxes distilled spirits lost by theft from a distillery or other bonded warehouse and that that section did not contemplate the abatement or refund of duties on goods lost by theft while still in customs custody.

Allowances for loss or damage sustained by *merchandise in customs custody in a bonded warehouse* are specifically provided for in section 563 of the Tariff Act of 1922, and such merchandise can be relieved of duties only in the cases therein specified. The part of paragraph 563 pertinent to the issue here involved is as follows:

PAR. 563. ALLOWANCE FOR LOSS—ABANDONMENT.—In no case shall there be any abatement or allowance made in the duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in a bonded warehouse: *Provided*, That upon the production of satisfactory proof to the Board of General Appraisers of actual injury or destruction, in whole or in part, of any merchandise, by accidental fire or other casualty, while in bonded warehouse, or in appraiser's stores undergoing appraisal, or while in transportation under bond from one port to another, or while in the custody of the officers of the customs, although not in bond, or while within the limits of any port of entry, and before the same has been landed from the importing vessel or vehicle, such

board is hereby authorized to order an abatement or refund, as the case may be, and the Secretary of the Treasury is authorized to pay, out of any moneys in the Treasury not otherwise appropriated, the amount of duties paid.

Loss by theft is not mentioned in section 563, and such losses must therefore be regarded as not within the scope of the section.

The judgment of the Board of General Appraisers is *affirmed.*